### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

EDWARD SCHULSINGER,

                Plaintiff,

       v.

JOSEPH N. PERCHETTI, PATRICIA
MARTIN, PAUL D.J. ARNETT,
and FRANK T. STEWART,

                Defendants.

Civil No. 15-5752 (NLH/AMD)

**OPINION**

**APPEARANCES**:

EDWARD SCHULSINGER
13 IVY LANE
CHERRY HILL, NJ 08002
    Appearing pro se

IRENE E. DOWDY
OFFICE OF THE US ATTORNEY
401 MARKET STREET
FOURTH FLOOR
P.O. BOX 2098
CAMDEN, NJ 08101
    On behalf of defendants

**HILLMAN**, District Judge

    Presently before the Court is the motion of defendants to dismiss plaintiff's complaint, or, in the alternative, for a more definite statement.  For the reasons expressed below, plaintiff's complaint will be dismissed, but plaintiff will be afforded thirty days to file an amended complaint.

### BACKGROUND

    Plaintiff, Edward Schulsinger, is a former member of the

Coast Guard Auxiliary.  The Auxiliary is a nonmilitary
organization administered by the Commandant of the United States
Coast Guard and 14 U.S.C. § 821.  Plaintiff's case was removed
from the Superior Court of New Jersey, Law Division, Camden
County, Special Civil Part to this Court under 28 U.S.C. §§
1442(a)(1), 2679(d)(2) by the four named defendants: Paul D.J.
Arnett, a Coast Guard Officer and former Director of the Coast
Guard Auxiliary (North) for the Fifth Coast Guard District,
Frank T. Stewart, Auxiliary member, Patricia Martin, Auxiliary
member, and Joseph N. Perchetti, Auxiliary member.  Defendants
are deemed to be federal employees pursuant to 14 U.S.C. §
832a(b) and to be persons acting under an officer of the United
States or agency thereof pursuant to 14 U.S.C. § 832a(c).

Plaintiff's complaint is a form provided by the state court
Special Civil Part, along with an additional page that states:

> THE UNITED STATES COAST GUARD AUXILIARY (TO BE KNOWN AS THE
> U.S.C.G.A.) IS A NONMILITARY CITIZEN ORGANIZATION WHICH
> ACT'S AS A CLUB BY COLLECTING DUES EACH YEAR. THE
> U.S.C.G.A. IS ENACTED BY CONGRESS TO WORK WITH THE UNITED
> STATES COAST GUARD (TO BE KNOWN AS U.S.C.G.)
>
> THIS CIVIL ACTION COMPLAINT IS BASED ON THESE INFRACTION'S:
>
> FRAUD DEFAMATION
> GROSSE INCOMPETANCE
> CONSPIRACY
> LACK OF DUE PROCESS RULE VIOLATION
> DENIAL OF CIVIL RIGHTS
> INCIDENT REPORT'S FALSE IN NATURE

2

ALL OF THESE INFRACTIONS ARE BACKED BY EVIDENCE READY TO BE SUBMITTED IN A REAL COURT WITH A REAL JUDGE.

(Docket No. 1-2 at 3.)

The complaint demands $15,000 from defendants, plus interest and $118.00 for the costs of suing. (Docket No. 1-2 at 2.)

Defendants have moved to dismiss plaintiff's complaint, or in the alternative, for a more definite statement. Plaintiff has opposed defendants' motion.

<u>**DISCUSSION**</u>

**A.    Jurisdiction**

The plaintiff filed suit against federal employees who are persons acting under an officer of the United States or agency, 14 U.S.C. § 832a(b), (c). Accordingly, this Court exercises subject matter jurisdiction over this action, which was removed from state court, pursuant to 28 U.S.C. §§ 1442(a)(1) and 2679(d)(2).

**B.    Motion to Dismiss Standard**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.

3

Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'"  Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . .");  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for

4

the 'no set of facts' standard that applied to federal complaints before <u>Twombly</u>.").

Following the <u>Twombly/Iqbal</u> standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. <u>Fowler</u>, 578 F.3d at 210 (citing <u>Iqbal</u>, 129 S. Ct. at 1950). Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" <u>Id.</u> (quoting <u>Iqbal</u>, 129 S. Ct. at 1950). A complaint must do more than allege the plaintiff's entitlement to relief. <u>Id.</u>; <u>see also</u> <u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's <u>Twombly</u> formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element"). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding

a motion to dismiss.  In re Burlington Coat Factory Sec. Litig.,
114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the
burden of showing that no claim has been presented.  Hedges v.
U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages,
Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

     A court in reviewing a Rule 12(b)(6) motion must only
consider the facts alleged in the pleadings, the documents
attached thereto as exhibits, and matters of judicial notice.
S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.,
181 F.3d 410, 426 (3d Cir. 1999).  A court may consider,
however, "an undisputedly authentic document that a defendant
attaches as an exhibit to a motion to dismiss if the plaintiff's
claims are based on the document."  Pension Benefit Guar. Corp.
v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.
1993).  If any other matters outside the pleadings are presented
to the court, and the court does not exclude those matters, a
Rule 12(b)(6) motion will be treated as a summary judgment
motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

     **C.  Analysis**

     Defendants have moved to dismiss plaintiff's complaint
because it fails to meet the proper pleading standards.
Defendants argue that plaintiff's claims apparently concern some
sort of dissatisfaction with the Coast Guard Auxiliary, but the

complaint lacks any facts to explain the who, what, where, when and why of plaintiff's dissatisfaction.  The Court agrees with defendants that plaintiff's complaint wholly fails to comply with Twombly/Iqbal and Federal Civil Procedure Rule 8(a).

Under the liberal federal pleading rules, the pleadings are required to give the defendants fair notice of what plaintiff's claim is and the grounds upon which it rests.  Baldwin County Welcome Ctr., 466 U.S. at 149-50 n.3.  Even though *pro se* complaints are to be construed liberally, Estelle v. Gamble, 429 U.S. 97, 107 (1976), *pro se* litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993).  Plaintiff has failed to meet this basic element.

In response to defendants' motion, plaintiff filed a 27-page opposition.  Plaintiff first points out that his complaint was filed in small claims court and he did not intend for his claims to become a "federal case."  Plaintiff's opposition also contains documents concerning plaintiff's disenrollment from the Auxiliary, and plaintiff's papers explain in detail how each of his claims against defendants arise out of his disenrollment.

The problem with plaintiff's response is that insufficiencies in plaintiff's claims in his complaint cannot be

cured by a brief or other documents submitted in opposition to defendants' motion.  The mechanism for curing pleading deficiencies is to file an amended complaint, or a formal motion for leave to file an amended complaint, pursuant to Fed. R. Civ. P. 15(a).  This is because the amended complaint supersedes the original version in providing the blueprint for the future course of a lawsuit.  See Snyder v. Pascack Valley Hospital, 303 F.3d 271, 276 (3d Cir. 2002).

The Court is mindful that plaintiff filed his complaint in state court using a form complaint provided by the small claims court, and that plaintiff is appearing pro se.  The Court also recognizes that to the extent plaintiff's claims implicate civil rights violations, Third Circuit precedent "supports the notion that in civil rights cases district courts must offer amendment - irrespective of whether it is requested - when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."  Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). Relatedly, defendants, most likely understanding these considerations, have alternatively asked that plaintiff file a more definite statement pursuant to Fed. R. Civ. P. 12(e),[1] which

---

[1] Fed. R. Civ. P. 12(e) provides, "A party may move for a more definite statement of a pleading to which a responsive pleading

8

effectively is a request by defendants for an amended complaint.

Accordingly, the Court will dismiss plaintiff's current complaint, but provide plaintiff with 30 days to file an amended complaint that follows the parameters of Rule 8(a) and the Twombly/Iqbal pleading standard.  If plaintiff does so, defendants may answer the complaint or otherwise respond as provided under the Rules.  If plaintiff fails to file an amended complaint within 30 days, the action will be closed.

An appropriate Order will be entered.


Date:   February 8, 2016              s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order."