UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

EDWARD SCHULSINGER,
                                        Civil No. 15-5752 (NLH/AMD)
          Plaintiff,

     v.                                 **OPINION**

JOSEPH N. PERCHETTI, PATRICIA
MARTIN, PAUL D.J. ARNETT,
and FRANK T. STEWART,

          Defendants.


**APPEARANCES**:

EDWARD SCHULSINGER
13 IVY LANE
CHERRY HILL, NJ 08002
     Appearing *pro se*

JOHN ANDREW RUYMANN
OFFICE OF THE US ATTORNEY
402 EAST STATE STREET
SUITE 430
TRENTON, NJ 08608
     On behalf of defendants

**HILLMAN, District Judge**

    Presently before the Court is the motion of defendants to dismiss plaintiff's amended complaint, which concerns plaintiff's disenrollment from the Coast Guard Auxiliary. For the reasons expressed below, defendant's motion will be granted.

                            **BACKGROUND**

    Plaintiff, Edward Schulsinger, is a former member of the Coast Guard Auxiliary. The Auxiliary is a nonmilitary

organization administered by the Commandant of the United States Coast Guard and governed by Title 14 U.S.C. § 821.  Plaintiff's case was removed from the Superior Court of New Jersey, Law Division, Camden County, Special Civil Part to this Court under 28 U.S.C. §§ 1442(a)(l) and 2679(d)(2) by the four named defendants: Paul D.J. Arnett, a Coast Guard Officer and former Director of the Coast Guard Auxiliary (North) for the Fifth Coast Guard District, Frank T. Stewart, Auxiliary member, Patricia Martin, Auxiliary member, and Joseph N. Perchetti, Auxiliary member.

By statute, members of the Coast Guard Auxiliary are deemed to be federal employees when they are sued for claims under various federal statutes and for "noncontractual civil liability." 14 U.S.C. § 832a(b).  They are also deemed to be acting under the authority of a federal officer or agency for purposes of the federal removal statute. 14 U.S.C. § 832a(c)(auxiliary member deemed acting under federal officer for purposes of 28 U.S.C. § 1441(a)(1)).

Plaintiff's original complaint was on a form provided by the state court Special Civil Part, along with an additional page that states:

> THE UNITED STATES COAST GUARD AUXILIARY (TO BE KNOWN AS THE U.S.C.G.A.) IS A NONMILITARY CITIZEN ORGANIZATION WHICH ACT'S AS A CLUB BY COLLECTING DUES EACH YEAR. THE U.S.C.G.A. IS ENACTED BY CONGRESS TO WORK WITH THE UNITED STATES COAST GUARD (TO BE KNOWN AS U.S.C.G.)

2

> THIS CIVIL ACTION COMPLAINT IS BASED ON THESE INFRACTION'S:
>
> FRAUD DEFAMATION
> GROSSE INCOMPETANCE
> CONSPIRACY
> LACK OF DUE PROCESS RULE VIOLATION
> DENIAL OF CIVIL RIGHTS
> INCIDENT REPORT'S FALSE IN NATURE
>
> ALL OF THESE INFRACTIONS ARE BACKED BY EVIDENCE READY TO BE SUBMITTED IN A REAL COURT WITH A REAL JUDGE.

(Docket No. 1-2 at 3.)

Plaintiff's original complaint demanded $15,000 from defendants, plus interest and $118.00 for the costs of suing.[1] (Docket No. 1-2 at 2.)

Previously, defendants had moved to dismiss plaintiff's complaint, or in the alternative, for a more definite statement. The Court dismissed plaintiff's complaint because it failed to comply with Supreme Court precedent setting forth pleading standards and Federal Civil Procedure Rule 8(a). (Docket No. 17 at 7.) The Court permitted plaintiff to file an amended complaint within 30 days.

After several conferences with the Magistrate Judge, the parties agreed that the matter should be stayed so that plaintiff

---

[1] Plaintiff's most recent submission – his opposition to defendants' motion to dismiss - demands $1.5 million in pain and suffering and $50 million in punitive damages. (Docket No. 58 at 10.)

3

could complete the applicable administrative procedures relating to his disenrollment from the Coast Guard Auxiliary. (Docket No. 37.) During the stay, plaintiff was provided with copies of the statements gathered during the investigation, and his appeal was considered by the District Commander, Rear Admiral Meredith Austin. On December 1, 2016, Rear Admiral Austin upheld plaintiff's disenrollment, finding:

> Serving the American public as a volunteer lifesaver is a noble undertaking and I appreciate your passion for service. However, membership in the Coast Guard Auxiliary hinges upon the demonstrated commitment to and practice of the Coast Guard's core values of Honor, Respect, and Devotion to Duty. I cannot overlook your detrimental conduct and the impact it had on Coast Guard and Auxiliary operations. Your aggressive and disruptive behavior runs counter to the mission of the Coast Guard Auxiliary and the Coast Guard core values.

(Docket No. 50 at 3.)

Having exhausted his administrative remedies, on December 28, 2016, plaintiff filed an amended complaint. Plaintiff claims the following:

(1) The documents provided to plaintiff relating to the investigation into plaintiff's misconduct were redacted, and plaintiff claims that this constitutes tampering with vital evidence;

(2) Plaintiff's honor was defamed;

(3) The Coast Guard Auxiliary failed to follow "Roberts Rules of Order" as required by the Coast Guard manual; and

4

(4) Plaintiff was disenrolled in violation of the Coast Guard manual, which states that no auxiliary member can be disenrolled. (Docket No. 49.)

Defendants have moved to dismiss plaintiff's amended complaint. They argue that the complaint fails to state any cognizable claims, but even if the amended complaint is construed liberally to assert a claim for violations of the Administrative Procedures Act, 5 U.S.C. §§ 701-706, such a claim fails as a matter of law. Plaintiff has opposed defendants' motion.

## DISCUSSION

**A.  Jurisdiction**

The plaintiff filed suit against federal employees who are persons acting under an officer of the United States or federal agency, 14 U.S.C. § 832a(b), (c).[2] Accordingly, this Court exercises subject matter jurisdiction over this action, which was removed from state court, pursuant to 28 U.S.C. §§ 1442(a)(1) and 2679(d)(2).

---

[2] One defendant, Paul D.J. Arnett, is a Coast Guard Officer as well as having served as the former director of the Coast Guard Auxiliary (North). In addition to 14 U.S.C. § 832a(b) and (c), federal jurisdiction may also be premised on 28 U.S.C. § 1442(a)(1), and in accord with Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), where the United States Supreme Court recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights.

## B. Motion to Dismiss Standard

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'"

Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950). Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. (quoting Iqbal, 129 S. Ct. at 1950). A complaint must do more than allege the plaintiff's entitlement to relief. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the

7

required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").  A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss.  <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  <u>Hedges v. U.S.</u>, 404 F.3d 744, 750 (3d Cir. 2005) (citing <u>Kehr Packages, Inc. v. Fidelcor, Inc.</u>, 926 F.2d 1406, 1409 (3d Cir. 1991)).

 A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice.  <u>S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.</u>, 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  <u>Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993).  If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed.

R. Civ. P. 12(b).

**C. Analysis**

In his amended complaint, plaintiff contends that defendants tampered with evidence by redacting certain information in their investigation statements, improperly disenrolled him in the Coast Guard Auxiliary, and defamed his honor. The fundamental problem with plaintiff's amended complaint is the same as his first complaint - it fails to allege sufficient facts from which one can infer any plausible violation of law. Completely lacking is any discussion or allegations of what materials were redacted from the record, why the redaction was not permissible, how the disenrollment process was invalid, and by whom he was defamed and how. Such factual allegations are critical in determining whether plaintiff has asserted plausible claims and are required to place the defendants on notice of their alleged wrongdoing. While it is clear that Plaintiff believes that he has been treated unfairly and maligned in some way, absent such specificity in his allegations Plaintiff's assertions are mere legal conclusions insufficient to state a claim.

As the Court stated in the Opinion dismissing plaintiff's original complaint, even though *pro se* complaints are to be construed liberally, Estelle v. Gamble, 429 U.S. 97, 107 (1976), *pro se* litigants "must still plead the essential elements of

9

[their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993), and under the liberal federal pleading rules, the pleadings are required to give the defendants fair notice of what plaintiff's claim is and the grounds upon which it rests, Baldwin County Welcome Ctr., 466 U.S. at 149-50 n.3.

The Court also pointed out that insufficiencies in plaintiff's claims in his complaint cannot be cured by a brief or other documents submitted in opposition to defendants' motion. (Docket No. 17 at 8.) Plaintiff's amended complaint is therefore dismissible for the same reasons as his original complaint – failing to comply with Twombly/Iqbal and Federal Civil Procedure Rule 8(a).

Even if the Court were to overlook the dearth of factual allegations and generously construe plaintiff's amended complaint as alleging a due process violation relating to the Coast Guard's administrative procedures such a claim would fail. Under the APA, while "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review," a court may only set aside agency actions, findings, or conclusions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. §§ 704, 706(2)(A). The scope of review under the APA

"standard is 'narrow, and a court is not to substitute its judgment for that of the agency.'"  Prometheus Radio Project v. F.C.C., 373 F.3d 372, 389 (3d Cir. 2004) (quoting Motor Veh. Mfgrs. Ass'n v. State Farm Mut., 463 U.S. 29, 42 (1983)).

The United States Code provides that Coast Guard Auxiliary members "shall not be considered to be a Federal employee and shall not be subject to the provisions of law relating to Federal employment."  14 U.S.C. § 823a(a).[3]  It further provides, "Members of the Auxiliary may be disenrolled pursuant to applicable regulations."  Id. § 824.  The Auxiliary Manual[4] establishes the detailed process for disenrollment of a Coast Guard Auxiliarist.  See Chapter 3.H-K.  It allows for an Auxiliarist to be disenrolled for cause if in the opinion of the director, the Auxiliarist's

---

[3] As noted supra, the four defendants are Auxiliary members who are considered Federal employees under 14 U.S.C. § 823a(b) and (c) only because they have been named as defendants in a lawsuit contesting their official actions.  The statute is equally clear, that Auxiliarists, including plaintiff, are not federal employees and enjoy not of the protections that stem from that status. 14 U.S.C. § 823a(a).

[4] The Auxiliary Manual is available at https://www.uscg.mil/auxiliary/publications/auxman.pdf.  Correspondence between the Coast Guard Auxiliary and plaintiff refers to the Auxiliary Manual and the provisions applicable to plaintiff's suspension and ultimate disenrollment (see Docket No. 13).  While plaintiff complains that he does not have a computer and therefore could not access the manual, he admits he was provided a copy of the manual during this litigation.  Plaintiff does not allege how the substantive provisions of the manual violate his rights or the law.

actions have had a "disruptive impact that adversely affects the normal operations" of the Auxiliary or a Coast Guard unit. Id. at H.5.a.(4).

The Coast Guard Auxiliary director, Rear Admiral Austin, disenrolled plaintiff "for cause" because of his disruptive and aggressive behavior. (Docket No. 50.) The documents attached to plaintiff's pleadings demonstrate that the Coast Guard Auxiliary followed the manual's disciplinary procedure, including the requirement to redact certain personally identifiable information.[5]

---

[5] Plaintiff cites to the Auxiliary Manual to support his contention that the Auxiliary was required to conduct meetings under the "Robert's Rules of Order." This "requirement" is actually a suggested guideline to Auxiliary leadership on how to help ensure their meetings are a success. (See Docket No. 49 at 13, citing Auxiliary Manual, Chapter 1, Section C.8.d.) The suggestion that Auxiliary meetings are to follow "Robert's Rules of Order" is different from the administrative process for the disenrollment of an Auxiliarist. (See Auxiliary Manual, Chapter 2, Section H, Formal Disciplinary Action.) In that same vein, plaintiff cites to the Auxiliary leadership section of the manual to support his contention that he cannot be disenrolled: "The Auxiliary, as a uniformed organization of civilian volunteers, presents unusual leadership and management challenges. There is no authority to hire or fire an Auxiliarist, nor is there any military command authority." (Docket No. 49 at 12, citing Auxiliary Manual, Chapter 1, Section C.6.) Plaintiff misconstrues this provision, which aligns with the Code provision that states that an Auxiliary member "shall not be considered to be a Federal employee and shall not be subject to the provisions of law relating to Federal employment." 14 U.S.C. § 823a(a). The Auxiliary leadership cannot "hire" or "fire" Auxiliarists because they are volunteers and not employees. Auxiliarists may be disenrolled from their volunteer service, however, and the procedures for disenrollment are explicitly and clearly set forth in Chapter 2, Section H.

See Chapter 5.E.  Plaintiff pleads in his amended complaint that he was dissatisfied with the outcome of the procedure, but he does plead how the Coast Guard Auxiliary was arbitrary, capricious, abused its discretion, or otherwise acted not in accordance with law.  The lack of such allegations, and a factual predicate for such allegations, is fatal to the viability of any APA violation claim.

Moreover, to the extent that any defamation claim can be construed to be asserted against defendants, that claims fails as a matter of law because such a claim is barred by 28 U.S.C. § 2680(h), the intentional tort exception of the Federal Tort Claims Act.  See, e.g., Brumfield v. Sanders, 232 F.3d 376 (3d Cir. 2000) (citations omitted) ("[D]efamation suits against the United States are prohibited."); id. ("[A[n individual who is defamed by a federal employee acting within the scope of his or her employment has no remedy due to the protections afforded by the Westfall Act and the FTCA.").  See 14 U.S.C. § 823a(b)(1)(member of the Coast Guard Auxiliary is a federal employee for purposes of the Federal Tort Claims Act).

As the Court noted it its prior Opinion, to the extent that plaintiff's claims implicate civil rights violations,[6] Third

---

[6] To the extent Plaintiff asserts a Bivens claim in his amended complaint, such a claim also fails to meet the pleading

Circuit precedent "supports the notion that in civil rights cases district courts must offer amendment - irrespective of whether it is requested - when dismissing a case for failure to state a claim." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). The caveat to that notion is that leave to file an amended complaint should be denied when doing so would be inequitable or futile. Id.

In the decision dismissing plaintiff's original complaint, the Court permitted plaintiff to file an amended complaint, and provided direction to plaintiff on the proper pleading standards. (Docket No. 17 at 7-9.) Shortly thereafter, plaintiff's case was stayed so that he could receive his full administrative remedies, which had been halted due to plaintiff's failure to appeal and by his filing of his original complaint.

When the Coast Guard Auxiliary director issued the agency's final decision to uphold plaintiff's disenrollment, plaintiff filed his amended complaint which contains the same pleading deficiencies as his original complaint. And now that Plaintiff has exhausted his administrative remedies, his must allege how that process violated the law. He has failed to allege any plausible claim.

---

requirements set for in Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009).

As we noted previously, the Court acknowledges that plaintiff feels that the Coast Guard Auxiliary has disparaged his honor and has renounced his fifteen years of volunteer service.  Mere disagreement with an agency decision that is not coupled with factual allegations which if proven would tend to show an action which was arbitrary, capricious, or otherwise unlawful fail to assert a viable cause of action against these defendants.

Consequently, the Court finds that plaintiff's amended complaint must be dismissed because it fails to comply with Twombly/Iqbal and Federal Civil Procedure Rule 8(a).  Based on the circumstances of this case, the Court also finds that providing plaintiff leave to file a third complaint would be futile.

An appropriate Order will be entered.


Date: August 18, 2017             s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.